UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARYAM GORJI,<br><br>   Plaintiff,<br><br>   v.<br><br>ABBOTT LABORATORIES,<br><br>   Defendant. | Case No.: SACV 15-01179-CJC(JPRx)<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Maryam Gorji ("Plaintiff") brings this action against Defendant Abbott Laboratories ("Abbott") for injuries she sustained when a baby bottle allegedly manufactured by Abbott cracked and leaked hot water onto her skin, burning her.

-1-

Plaintiff's Complaint, which she filed on June 3 in California state court, alleges claims for strict liability, breach of warranty, and negligence. (*See* Dkt. 1 Exh. D.) On July 24, Abbott removed the action to this Court on the grounds that the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Before the Court is Plaintiff's motion to remand, which she filed on August 21. (Dkt. 10.) For the following reasons, the motion is DENIED.[1]

## II. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

//

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 5, 2015 at 1:30 p.m. is hereby vacated and off calendar.

A district court has original "diversity" subject matter jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1).  The district court has jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a different state than each defendant.  *See id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch. 267 (1806)).  If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

## III.  ANALYSIS

Because the parties agree that Plaintiff is a resident of California and that the amount in controversy exceeds $75,000, this motion turns on the citizenship of Abbott. Abbott argues that because it is incorporated in Illinois and has its corporate headquarters there, it is solely a citizen of Illinois.  (Dkt. 1 ¶ 9.)  Plaintiff concedes that Abbott's headquarters are in Illinois, but nonetheless argues that Abbott has dual citizenship with Illinois and California because it conducts a substantial portion of its business here.  (Dkt. 10 at 4–5.)  Abbott is correct.

Under section 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c).  In *Hertz Corporation v. Friend*, 559 U.S. 77 (2010), the Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," or in other words, "the corporation's 'nerve center.'" *Id.* at 92–93. The Court explained that "in practice, [the principal place of business] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.  Here,

Abbott has demonstrated that its corporate headquarters and "nerve center" are located in Abbott Park, Illinois. (Dkt. 1 ¶ 9.) Because Abbott is also incorporated in Illinois, (*id.*), it is therefore only a citizen of Illinois and is completely diverse from Plaintiff, a citizen of California.

Plaintiff nonetheless urges this Court to apply the "substantial predominance" or "place of operations" test set forth in *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001). *Tosco Corp.* held that if the amount of a corporation's "business activity in one state [was] significantly larger than [that in] any other state," the corporation could be considered a citizen of the state in which it did a "substantial predominance" of its business. *Id.* at 500. The trouble with this argument is that *Tosco Corp.* is no longer good law. It was abrogated by *Hertz*, in which the Supreme Court specifically rejected a "place of operations" test for determining a corporation's citizenship. *Hertz*, 559 U.S. at 91; *see also Langevin v. Federal Exp. Corp.*, No. CV 14-08105, 2015 WL 1006367, at *4 (C.D. Cal. Mar. 6, 2015) ("The substantial predominance test was rejected by the Supreme Court in *Hertz*."); *Morello v. Amco Ins. Co.*, No. C 11-6623, 2012 WL 628911, at *2 n.1 (N.D. Cal. Feb. 27, 2012) ("*Tosco Corp.* . . . was abrogated by *Hertz*."); *Sienkiewicz v. Balda Solutions USA, Inc.*, No. C 12-0396A, 2012 WL 4097713, at *1 (N.D. Cal. Sep. 17, 2012) ("[*Tosco Corp.*] is abrogated law.").

//
//
//
//
//

Applying the nerve center test announced in *Hertz* leads to the clear conclusion that Abbott is a citizen of Illinois only. Abbott has therefore met its burden of demonstrating that removal was proper.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

DATED: September 24, 2015

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE